IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY FAILS,
      Plaintiff,

vs.                                    3:09cv525/RV/MD

JOHN SIMON,
STEVEN PETRI, and
JUDGE NICHOLAS GEEKER,
      Defendants.

_____

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time

he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that plaintiff has filed the following cases in this district which were dismissed as frivolous, malicious or for failure to state a claim:

    3:08cv535/MCR/MD – Fails v. Harise;
    3:08cv536/LAC/EMT – Fails v. Escambia County Sheriff's Office;
    4:08cv471/MP/WCS – Fails v. McCollum et al. (appeal also dismissed as frivolous);
    3:08cv415/RV/EMT – Fails v. Escambia County Jail;
    3:09cv15/LAC/EMT – Fails v. Geeker;
    3:08cv520/MCR/MD – Fails v. Sheriff's Dept. Et al.;
    3:09cv7/LAC/EMT – Fails v. McCollum;
    3:09cv33/MCR/MD – Fails v. Geeker;
    4:08cv537/SPM/WCS – Fails v. Spivey;
    4:08cv573/SPM/WCS – Fails v. Klein, et al.

Plaintiff, who has eleven "strikes" against him, must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff alleges, as he has in other cases, that he is entitled to damages as a result of the "false" conviction and sentence he is currently serving for sexual battery and aggravated battery. He claims that DNA evidence exonerated him, that the state had insufficient evidence to convict him, that witnesses intentionally committed perjury at trial, that he was convicted of the uncharged offense "attempted sexual battery," and that Judge Geeker intentionally violated his rights by conducting the trial. Plaintiff claims that the named defendants conspired to violate his rights through the false conviction, further infringing upon his rights by denying motions for post conviction relief.

*Case No: 5:06CV114/RS/MD*

Plaintiff's complaint addresses "immense danger," which the court presumes to be a response to the requirement that he be in *imminent* danger of serious bodily injury. He asserts that his preexisting mental illness (schizophrenia and manic depression) has been exacerbated by the false conviction such that he has suffered from psychological injuries and has had a "continuous history of suicide attempts." He argues that he should be "relieved from" the false conviction as a result.

Plaintiff's allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case. Self harm surely is not encompassed within the statutory reference to "imminent danger of serious bodily injury." If that were the case, virtually every prisoner plaintiff could make such a claim. Therefore, because plaintiff is not entitled to proceed *in forma pauperis* in this case, it should be dismissed without prejudice. Plaintiff may initiate a new civil rights action[1] by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 4th day of December, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff should be aware, however, that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973); see also *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") *Id*. at 486-487, 114 S.Ct. at 2372.

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).